# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2010

Charles R. Fulbruge III
Clerk

No. 08-20702

IN RE: BLAST ENERGY SERVICES INC; EAGLE DOMESTIC
DRILLING OPERATIONS LLC

Debtors

-----------------------------------------------

ALBERTA ENERGY PARTNERS

Appellant

v.

BLAST ENERGY SERVICES INC; EAGLE DOMESTIC DRILLING
OPERATIONS LLC

Appellees

-----------------------------------------------

_____

Cons. w/ No. 08-20709

_____

IN RE: BLAST ENERGY SERVICES INC, doing business
as Rocker & Spike Entertainment Inc, doing business as
Reconstruction Data Group Inc, doing business as Verdisys
Inc; EAGLE DOMESTIC DRILLING OPERATIONS LLC

Debtors

-----------------------------------------------

ALBERTA ENERGY PARTNERS

Appellant

v.

BLAST ENERGY SERVICES INC; EAGLE DOMESTIC DRILLING OPERATIONS LLC

Appellees

---

Appeals from the United States District Court
for the Southern District of Texas

---

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

JOLLY, Circuit Judge:

This appeal arises from the Chapter 11 bankruptcy proceedings of debtors Blast Energy Services, Inc., and Eagle Domestic Drilling Operations, LLC ("Blast"). Alberta Energy Partners ("Alberta") seeks to appeal a final order of the district court. The order decided two distinct appeals from the bankruptcy court. First, it denied Alberta's motion for rehearing of the district court's earlier dismissal of Alberta's appeal from the bankruptcy court's confirmation order. Second, it denied Alberta's Consolidated Appeals of the bankruptcy court's two rulings permitting Blast to assume an executory contract between Blast and Alberta. Primarily, in this opinion we address the equitable mootness of the Confirmation Appeal and the effect of 11 U.S.C. § 1127(b) on this appeal. For the reasons that follow, we reverse specifically the district court's denial of Alberta's motion for rehearing and remand to the district court for its further consideration of the order underlying that motion.

I.

The procedural background is a bit of a maze, but is a facet of the appeal that we need to keep straight in our minds. Blast filed for Chapter 11 reorganization in January 2007. Blast and Alberta were then, and still are, parties to a 2006 contract (the "Contract") under which Alberta transferred to Blast a 50 percent interest in a technology developed by Alberta. According to the Contract's terms, the parties were to work together to develop and manage the technology.

In April 2007, during Blast's bankruptcy proceedings, Alberta filed a Motion to Deem Executory Contract Rejected, arguing that § 365 of the Bankruptcy Code prohibited Blast from assuming the contract without Alberta's consent. Alberta later filed a Motion to Compel Rejection of Executory Contract. Both motions were denied by the bankruptcy court on October 3, 2007. Alberta subsequently filed a Motion to Compel Assumption or Rejection of Executory Contract in October 2007. That motion was also denied by the bankruptcy court and Alberta appealed both bankruptcy court orders to the district court; ultimately, the appeals were consolidated in the district court (the "Consolidated Appeals"). The district court never ruled on the Consolidated Appeals before confirmation.

We now move to February 26, 2008, when the bankruptcy court issued an order (the "Confirmation Order") confirming Blast's reorganization plan (the "Plan"), which provided for Blast's assumption of the Contract. The day the Plan was confirmed, Alberta appealed the Confirmation Order (the "Confirmation Appeal") and filed motions with the bankruptcy and district courts requesting a stay of the Confirmation Order pending appeal. The bankruptcy court denied the stay. That evening, Alberta also filed emergency motions for a stay pending appeal and for expedited consideration. Between the confirmation on February 26 and the requested hearing on February 27, Blast distributed over $2 million

pursuant to the Plan, thereby substantially consummating the Plan. The district court denied the motion for a stay pending appeal on February 27, 2008.

On April 24, 2008, the district court issued an order (the "Dismissal Order") granting Blast's motion to dismiss the Confirmation Appeal. Alberta did not appeal the district court's Dismissal Order, but, instead, filed a timely motion for rehearing in the district court (the "Rehearing Motion"), requesting clarification or reconsideration of the Dismissal Order.

While Alberta's motion for rehearing was pending, and in an effort to reach an agreement under which Alberta would withdraw its Confirmation Appeal, the parties filed a joint stipulation on May 27, 2008, in which they proposed that the Confirmation Order would not have res judicata or collateral estoppel effect with respect to the Consolidated Appeals, which the district court had not yet addressed. At a status conference in the district court, Blast expressly stated that despite the fact that the Plan had already been substantially consummated, granting relief to Alberta on the Consolidated Appeals would not affect the reorganization or any third parties. Similarly, the parties agreed in a joint statement on July 3, 2008, that the assumption of the Contract was not essential to Blast's reorganization and that a decision in Alberta's favor on the Consolidated Appeals would not require the parties to amend the reorganization plan in violation of the Bankruptcy Code.

The district court was not impressed. On July 30, 2008, the court entered an order rejecting the joint stipulation ("Stipulation Order"). Then, on October 1, 2008, the district court denied Alberta's Rehearing Motion on the basis of equitable mootness, and sua sponte denied Alberta's Consolidated Appeals in the same order. Alberta timely appealed the October 1 order to this court.

II.

In its appeal today, Alberta challenges the district court's conclusion that its appeals are equitably moot. It is clear that the district court stated that the

4

Confirmation Appeal was equitably moot. However, the district court appears to have dismissed the Consolidated Appeals for reasons of both equitable mootness and mootness based upon the statutory bar imposed by 11 U.S.C. § 1127(b).[1]

## A.

We review the district court's denial of Alberta's Rehearing Motion for an abuse of discretion.[2] Coliseum Square Ass'n, Inc. v. Jackson, 465 F.3d 215, 247 (5th Cir. 2006). A ruling based on an incorrect view of the law or on a clearly erroneous assessment of the evidence is an abuse of discretion. In re Sealed Appellant, 194 F.3d 666, 670 (5th Cir. 1999). The district court's holding that the Consolidated Appeals are moot because of the effect of 11 U.S.C. § 1127(b) was a legal conclusion subject to de novo review. In re Mirant Corp., 378 F.3d 511, 517 (5th Cir. 2004).

## B.

Blast seems to have strategically retreated from its earlier stipulation, and now attempts to avoid engaging the substantive issues in the Confirmation Appeal with a preliminary challenge to our jurisdiction over that appeal based on mootness. Article III of the U.S. Constitution empowers the federal courts to

---

[1] The district court stated that "[t]he appeal of the Confirmation Order and the Consolidated Appeals essentially seek modification of the Plan by disallowing the assumption of the Agreement," and concluded that the request for such a modification made the appeals equitably moot. The court further "denied as moot" the Consolidated Appeals, and stated that they "would require modification of the substantially consummated Plan" in violation of § 1127(b).

[2] Alberta filed its Rehearing Motion under both Federal Rule of Civil Procedure 59(e) and Federal Rule of Bankruptcy Procedure 8015 (which provides for rehearing motions to a district court acting as an appellate court in a bankruptcy case). The district court determined that reviewing its prior order for "manifest errors of law or fact or . . . newly discovered evidence" (the standard of review for Rule 59(e) motions) would also satisfy the standard for reviewing a Rule 8015 motion (the standard for which the Fifth Circuit has not indicated). Alberta does not contest the standard the district court applied. We therefore review the district court's decision as we would a denial of a Rule 59(e) motion: for an abuse of discretion.

hear only live cases and controversies. U.S. CONST. art. III § 2. If an appellate court is unable to grant any remedy for an appellant, its opinion would be merely advisory and it must dismiss the appeal as moot. American Grain Ass'n v. Lee-Vac, Ltd., 630 F.2d 245, 247 (5th Cir. 1980).

Blast's mootness argument is premised on the fact that Alberta's notice of appeal to this court facially covers only the district court's October 1 order dismissing the Rehearing Motion, and not the underlying Dismissal Order. The time to appeal the Dismissal Order has now passed. Because Alberta did not appeal the Dismissal Order, Blast contends that the Confirmation Appeal is moot because we cannot now provide a remedy to the Dismissal Order. Even if so, however, it is possible to provide Alberta a remedy by reversing the court's denial of the Rehearing Motion, which has been appealed. On remand, the district court must then reconsider its Dismissal Order. The relief requested by Alberta in its Rehearing Motion is that the district court either (a) issue "a clarification that the Dismissal Order will not preclude the full consideration of the [Consolidated Appeals] and a determination that Blast may not assume the [Contract]," or (b) "that the Dismissal Order be reconsidered and vacated and that the Confirmation Appeal be reinstated." The district court can still address and grant either of those requested remedies on remand, so the appeal before us is not moot.[3]

---

[3] In any case, Alberta's appeal effectively included an appeal of the Dismissal Order. Although Alberta's notice of appeal only referred expressly to the October 1, 2008, order on the rehearing motion, it certainly implied that it was appealing the entire case. The Fifth Circuit is "lenient" in interpreting notices of appeals, and maintains "a policy of liberal construction . . . where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." C.A. Marine Supply v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. 1981). Alberta's appeal was styled, in part, as an appeal of a Rule 59(e) motion; we have specifically treated appeals of such motions as appeals of the underlying judgment when the intent to do so was clear. Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000); Trust Co. Bank v. U.S. Gypsum Co., 950 F.2d 1144, 1148 (5th Cir. 1992). Blast does not claim any prejudice resulted from Alberta's failure to designate the earlier dismissal order in its notice of appeal, and both parties fully briefed the issue of equitable mootness, which was the basis

C.

Because we have concluded that we have jurisdiction over the Confirmation Appeal, we will now turn to the merits of that appeal. In its October 1, 2008, order, the district court refused to reconsider its earlier dismissal of the Confirmation Appeal as equitably moot. We hold that the court abused its discretion by basing its conclusion on a clearly erroneous assessment of the evidence.

1.

Equitable mootness authorizes an appellate court to decline review of an otherwise viable appeal of a Chapter 11 reorganization plan, but only when the reorganization has progressed too far for the requested relief practicably to be granted. In re Manges, 29 F.3d 1034, 1039 (5th Cir. 1994). Unlike Article III mootness, equitable mootness is prudential, not jurisdictional. In re Vineyard Bay Dev. Co., 132 F.3d 269, 271 (5th Cir. 1998). In addressing whether an appeal of a confirmation plan is equitably moot, the Fifth Circuit considers a three-pronged analysis: "(i) whether a stay has been obtained, (ii) whether the plan has been 'substantially consummated,' and (iii) whether the relief requested would affect either the rights of parties not before the court or the success of the plan." Manges, 29 F.3d at 1039.[4] There is no set weight given to the respective

---

for both district court orders (the October 1 order and the underlying Dismissal Order) and Alberta's Rehearing Motion. Even if Alberta's Rehearing Motion should have been brought only under Federal Rule of Bankruptcy Procedure 8015 as Blast contends, we treat the appeal as encompassing the underlying Dismissal Order by analogy to our treatment of Rule 59(e) appeals, and the district court on remand is not precluded from addressing all issues raised by the Dismissal Order.

[4] Although this test is useful, it is not inclusive of all considerations that may sometimes be appropriate. Manges, 29 F.3d at 1043. As the doctrine is an equitable one, principles of equity are generally relevant to the analysis, and it is possible that in some cases the three prongs will be only partially instructive. Other factors not directly included in the test, such as the degree of prejudice to third parties and to some of the litigants, the arbitrariness of the ruling being appealed, etc., may be pertinent.

prongs. In some cases, a single prong may be determinative, but more often the first two are relevant only insofar as they affect the answer to the third question; if no stay has been obtained and the plan has been substantially consummated, the more likely the third prong indicates equitable mootness. Nevertheless, although substantial consummation is a "momentous event," it is not necessarily fatal to the appeal of a confirmed reorganization plan. Id. at 1042–43. Only when the relief that a party requests will likely unravel the plan does it become impracticable and inappropriate for a court to grant such relief; in such a case, the court abstains from reviewing the appeal. In re Pac. Lumber Co., 584 F.3d 229, 240 (5th Cir. 2009). However, when a court applies the doctrine of equitable mootness, it does so "with a scalpel rather than an axe." Id. To that end, a court may "fashion whatever relief is practicable" instead of declining review simply because full relief is not available. Id. at 241. Similarly, a court considering whether an appeal is equitably moot should "scrutinize each individual claim, testing the feasibility of granting the relief against its impact on the reorganization scheme as a whole." Id. (quoting In re AOV Indus., 702 F.2d 1140, 1148 (D.C. Cir. 1986)).

2.

The first two equitable mootness considerations, referred to above, are neither in dispute nor determinative here. Although Alberta attempted to obtain a stay pending the resolution of its appeals, the bankruptcy and district courts both denied its motions. In addition, Blast had either paid or arranged for payment of all of its creditors within a day of the Plan's confirmation, rendering the Plan substantially consummated. The question today is whether, notwithstanding that no stay was obtained and that the Plan has been substantially consummated, the success of this particular appeal seriously threatens the success of the Plan or will have a disruptive effect on the rights of third parties.

In ruling on Alberta's Rehearing Motion, the district court affirmed its earlier dismissal of the Confirmation Appeal as equitably moot because it determined that this third consideration for equitable mootness supported such a finding.[5] After describing the general importance that the assumption or rejection of executory contracts can have for reorganization plans, the district court noted that the relief sought by Alberta was a modification to the Plan excising Blast's assumption of the Contract. Without referencing the specific executory contract between Blast and Alberta, the court concluded that "[b]ecause the rejection or assumption of contracts is a core component of and essential to the reorganization plan . . . the court concludes that parties not before the court, including the recipients of the monies already distributed, would be harmed by the modification or that the modification would put the success of the Plan at risk."

This conclusion is not supported in the record before us. The parties have never contended that this third requirement of equitable mootness was satisfied and no evidence was introduced to support the district court's finding that it had been. To the contrary, the record suggests that the assumption or rejection of the Contract would have had little or no adverse effect on Blast's reorganization or on any third party. Apparently, Blast is not using the technology licensed under the Contract and has no plans to do so. Nor does the record before us indicate that Blast's loss of the Contract would affect past or future payments under the Plan: nothing visible to us would be undone or threatened by removal

---

[5] We focus here on the district court's October 1 order denying Alberta's Rehearing Motion, but our disagreement extends also to the district court's underlying Dismissal Order. Like the October 1 order, the Dismissal Order based its equitable mootness conclusion on a determination that the relief Alberta requests would adversely affect third parties and the Plan's success. That determination seemed to be based on an assumption that Alberta's requested relief would unravel the entire Plan and require Blast to undo every action it had already undertaken, but the order did not refer to any support in the record for such an assumption.

of the Contract from the Plan. Thus, the actions that Blast took to substantially consummate the Plan before Alberta could obtain a stay do not insulate the Plan from an appellate challenge.

Further, Blast expressly represented to the District Court at a status conference that the Contract assumption was not essential to its successful reorganization. Although the parties' statements are not absolutely binding on the parties or on the court, the district court's refusal to accept, without adequate explanation, those statements, when there was no basis in the record to disregard them, was an abuse of discretion. Because the court provided no basis for rejecting Blast's express position that the Contract was not essential to its reorganization plan,[6] and because we can find no basis in the record for its rejection, or, for that matter, for its ultimate conclusion on equitable mootness, the court's denial of Alberta's Rehearing Motion as to the Confirmation Appeal was an abuse of discretion.

However, the district court also referred to Alberta's allegation that "significant monetary payments are due to it [from Blast]" as an additional reason that the third equitable mootness factor had been met. Alberta had alleged in the bankruptcy court that, pre-petition, Blast had failed to make payments, register stock, and issue warrants for shares of stock as required by the Contract, and, further, that it had breached and anticipatorily repudiated several other provisions of the Contract. Nothing in the record illumines the present effect on the Plan of these allegedly due payments, and the parties have not argued the point on appeal. We therefore cannot say whether this assertion supports or contradicts the district court's finding on the third equitable mootness factor; we can say, however, that the evidence before us and the position taken by the parties that the modification would have no effect on third

---

[6] In its Stipulation Order, the district court only explained its reasons for rejecting the parties' Joint Stipulation relating to the res judicata effect of the Confirmation Order.

parties or the success of the Plan is clear, and is not expressly contradicted by the district court's assertion regarding alleged payments due to Alberta.

Because, on the record before us, we cannot find an adequate basis for the district court's conclusion that the appeal was equitably moot, we reverse the district court's denial of the Rehearing Motion. On remand, the district court may fully consider the equitable mootness question anew, and should articulate in detail the reasons for its conclusion, with references to the record.[7]

### D.

### 1.

Still further, we think the district court erred when it held that 11 U.S.C. § 1127(b) rendered the Consolidated Appeals moot. A plain reading and specific application of § 1127(b) indicate that it has no relevancy either to the Consolidated or to the Confirmation Appeals, each of which was brought by a creditor and challenger of the Plan.

It seems to be true that § 1127(b) of the Bankruptcy Code—which provides that the debtor or proponent of a confirmed reorganization plan may modify the plan before it has been substantially consummated—is "the sole means for modification of the plan of reorganization after it has been confirmed."[8] 7 COLLIER ON BANKRUPTCY ¶ 1127.04 (15th ed. rev. 2009). It can also operate to prohibit other actions in the bankruptcy court that are essentially attempted

---

[7] As we have earlier indicated, the district court's order can be read to dismiss Alberta's Consolidated Appeals based on both equitable mootness and the effect of § 1127(b). We note that the Consolidated Appeals ask for the same relief as the Confirmation Appeal, so it is likely that if the court addresses the Confirmation Appeal it will have addressed the Consolidated Appeals as well.

[8] Section 1127(b) provides, in relevant part, that "[a] proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan." This section operates to prohibit any modification after substantial consummation. In re U.S. Brass Corp., 301 F.3d 296, 307 (5th Cir. 2002); see also 7 COLLIER ON BANKRUPTCY ¶ 1127.04 (15th ed. rev. 2009).

modifications to a confirmed plan. See In re U.S. Brass Corp. 301 F.3d 296, 306–08 (5th Cir. 2002) (holding that a proposed settlement agreement between the debtor and its claimants would modify the confirmed plan and was prohibited by § 1127(b)). However, § 1127(b) does not apply to pre-confirmation modification, which is governed by another section of the Code. See 11 U.S.C. § 1127(a). It also "does not expressly limit appellate review of plan confirmation orders"; such review is limited instead by the equitable mootness doctrine. Pac. Lumber, 584 F.3d at 240.[9]

2.

As we have indicated, here neither the debtor nor a proponent of the confirmed Plan is attempting to modify it; instead, Alberta, which is a creditor and a plan challenger, is attempting to appeal bankruptcy court orders. The Consolidated Appeals arose before the Plan had been confirmed, and as pre-confirmation filings they do not fall into the ambit of § 1127(b). The Confirmation Appeal, on the other hand, is governed by the equitable mootness doctrine, and not by § 1127(b). Neither the language of § 1127(b) itself nor our jurisprudence applying the statute indicate that it should be applied either to confirmation appeals or to appeals of pre-confirmation bankruptcy rulings.[10] An

---

[9] U.S. Brass Corp., 301 F.3d at 306–08, cited by the district court in its Stipulation Order and by Blast on appeal, is not to the contrary. In that case, we held that a proposed "settlement agreement" between the debtor and its claimants, which would have replaced the reorganization plan's agreement to litigate all claims with an agreement to arbitrate them, was actually a modification of the plan that was prohibited by § 1127(b). There, we were reviewing a debtor's motion in the bankruptcy court, made after substantial consummation, to approve the proposed settlement agreement. Here, on the other hand, we are reviewing a creditor's pre-confirmation appeal of a bankruptcy court ruling, to which § 1127(b) does not apply.

[10] The district court cited Manges, 29 F.3d 1043 at n.13, in support of its conclusion that § 1127(b) barred consideration of the Consolidated Appeals. We read Manges to hold simply that, once an appeal is equitably moot, the appellate court does not have the authority to reach the result requested in the mooted appeal by applying § 1127(b) to modify the confirmed plan. Stated differently, equitable mootness closes the door to relief under § 1127(b). In this case, for example, if we had held that the district court was correct in finding that the appeal was

application of § 1127(b) that limits appellate review of bankruptcy orders would mean that no bankruptcy court action could be reviewable after substantial consummation of a plan. Under this scheme, highly liquid debtors could shield their reorganization plans, and any underlying bankruptcy court orders, from appellate review. Indeed, such an application could also render the doctrine of equitable mootness superfluous. In short, the district court erred in its application of § 1127(b) to this case.

## III.

To summarize, the district court erred in two respects. First, it abused its discretion when it dismissed Alberta's appeals as equitably moot, without adequately explaining its rejection of the parties' contentions that the appeals would not disturb the Plan or the rights of third parties, and without identifying any evidence to support its conclusion. Second, it committed a legal error when it applied § 1127(b) to these appeals.

As we have noted, however, the district court did make an oblique remark that the Plan might be disrupted by Alberta's appeal because of money owed by Blast to Alberta. The district court did not explain the possible disruption and the parties have not clarified the court's cryptic reference. Therefore, we find it necessary to reverse and remand for further consideration and for fuller explanation as to either why the appeal is, or why it is not, equitably moot.

For the reasons stated above, the Order denying Alberta's Rehearing Motion is REVERSED, the district court's Dismissal Order is VACATED, and the case is REMANDED to the district court for further proceedings not inconsistent with this opinion.

REVERSED, VACATED, and REMANDED.

---

equitably moot, it could not have granted the relief Alberta seeks by simply modifying the Plan under § 1127(b). When an appeal is not equitably moot, however, § 1127(b) does not affect the appeal.