# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2010

No. 09-40918

Lyle W. Cayce
Clerk

JOHN C. CLOWER, Individually and on behalf of all other persons similarly situated; KAY HENDRICKSON CLEVENGER, Individually and on behalf of all other persons similarly situated; NANCY HENDRICKSON STALEY, Individually and on behalf of all other persons similarly situated; BILL HENDRICKSON, JR., Individually and on behalf of all other persons similarly situated,

Plaintiffs - Appellees

v.

WELLS FARGO BANK, N.A., a National Banking Association,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:07-CV-510

Before GARWOOD, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40918

Plaintiffs-Appellees (Plaintiffs), trust beneficiaries, initially filed suit against Defendant-Appellant Wells Fargo Bank, N.A. (Wells Fargo) on grounds that Wells Fargo has not been, and its predecessors were not, the proper trustees of over two hundred trusts for the past twenty-five years. Plaintiffs then filed motions to certify a class. Wells Fargo filed a Rule 12(b)(6) motion to dismiss the complaint.

After a hearing, the district court granted class certification and later denied Wells Fargo's subsequent motion for reconsideration. We granted Wells Fargo's petition for permission to appeal under Rule 23(f). Wells Fargo then filed a motion with the district court to stay its proceedings pending the appeal of the class certification order, which was granted. After granting the stay, however, the district court granted Wells Fargo's motion to dismiss and granted Plaintiffs leave to amend their complaint.

Generally, the district court cannot "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). However, "the district court may still proceed with matters not involved in the appeal." *Alice L. ex rel. R.L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) (per curiam). We do not doubt that the district court had authority to "proceed with matters not involved in the appeal" and therefore to dismiss the complaint after we granted permission to appeal. *See Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009) (holding that the district court had jurisdiction to grant summary judgment to defendants after the Rule 23(f) class certification appeal was filed).

No. 09-40918

Because the complaint was dismissed, however, we are asked to resolve the merits of a class certification order untethered to any live claims. We cannot do so. Article III of the U.S. Constitution empowers the federal courts to hear only live cases and controversies. U.S. CONST. art. III § 2. If an appellate court is unable to grant any remedy for an appellant, its opinion would be merely advisory and it must dismiss the appeal as moot. *In re Blast Energy Servs., Inc.*, 593 F.3d 418, 423 (5th Cir. 2010). Without a live complaint, it is impossible for this court—or the district court—to consider whether Plaintiffs have met the requirements for a Rule 23 class action. *See Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003) ("Determining whether the plaintiffs can clear the predominance hurdle set by Rule 23(b)(3) also requires us to consider how a trial on the merits would be conducted if a class were certified.") (citation omitted).

Accordingly, we dismiss this appeal as moot, vacate the class certification order, and remand the case to the district court for further proceedings. We express no opinion on the merits of the parties' arguments for or against class certification, or on the district court's rulings regarding class certification.

APPEAL DISMISSED AS MOOT; CLASS CERTIFICATION ORDER VACATED without regard to the merits and REMANDED.