# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2010

Lyle W. Cayce
Clerk

No. 10-30585

HORNBECK OFFSHORE SERVICES, L.L.C.; BEE MAR - WORKER BEE, L.L.C.; NORTH AMERICAN FABRICATORS, L.L.C.; BEE MAR, L.L.C.; OFFSHORE SUPPORT SERVICES, L.L.C.; ET AL,

                                        Plaintiffs - Appellees

v.

KENNETH LEE SALAZAR, also known as Ken Salazar, In His Official Capacity as Secretary, United States Department of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; MICHAEL R. BROMWICH, In His Official Capacity as Director, Bureau of Ocean Energy Management, Regulation and Enforcement; BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION AND ENFORCEMENT, formerly known as Minerals Management Service,

                                        Defendants - Appellants

FLORIDA WILDLIFE FEDERATION; CENTER FOR BIOLOGICAL DIVERSITY; NATURAL RESOURCES DEFENSE COUNCIL; SIERRA CLUB; DEFENDERS OF WILDLIFE,

                                        Intervenor Defendants - Appellants

Appeals from the United States District Court
for the  Eastern District of Louisiana

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

No. 10-30585

PER CURIAM:[*]

Before this court is Appellants' appeal of the district court's preliminary injunction enjoining enforcement of the government's moratorium on deepwater drilling in the Gulf of Mexico.

In order for this court to maintain appellate jurisdiction over Appellants' appeal of the preliminary injunction, it must be able to provide the parties with some type of effective relief. *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citation omitted). The order preliminarily enjoining the moratorium that was issued on May 28, 2010, is the sole subject of the appeal. The May 28 moratorium has been expressly rescinded by the Secretary of the Interior and the rescission has been recognized by the district court, at least for purposes of the preliminary injunction against that moratorium. Consequently, the preliminary injunction no longer has the same, if any, legal or practical effect.[1] We therefore hold that this appeal, seeking to set aside the subject preliminary injunction, has been mooted by the acts of the appellant Secretary and by the subsequent rulings of the district court that granted that injunction. Any opinion expressed by this court on the merits and legality of the issuance of the preliminary injunction would address an injunction that is legally and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In response to our question whether the Secretary of the Interior had the authority to declare the provisions of the May 28 moratorium to be withdrawn, the district court held that "there is simply insufficient support for holding that the rescission was without some administrative force." *Hornbeck v. Salazar*, No. 10-30585, Order & Reasons at 11 (E.D. La. Sept. 1, 2010). We understand this ruling to reflect the district court's view that the moratorium the preliminary injunction enjoined no longer has any operative effect. We express no opinion as to the merits of the district court's conclusion on this issue, except to say that the first moratorium presently has no effect. Any merits relating to the legal effect of the first moratorium are not at issue in this appeal of the preliminary injunction against that moratorium.

No. 10-30585

practically dead.[2] *See In re Blast Energy Servs., Inc.*, 593 F.3d 418, 423 (5th Cir. 2010) ("If an appellate court is unable to grant any remedy for [a party], its opinion would be merely advisory and it must dismiss the appeal as moot.").[3]

This appeal is therefore DISMISSED as moot.[4]

---

[2] We do not express any opinion on whether the issuance of a second moratorium (1) violated the district court's preliminary injunction; (2) was done merely to avoid judicial review of the first moratorium; or (3) renders moot the merits of the underlying suit.

[3] We view the dissent as having no merit because its legal arguments, although well stated and deserving of our respect, apply to rare situations not presented here. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits."). Apparently eager to reach the merits of a *different* appeal, the dissent urges that we decide today "whether the [Department of the Interior] acted arbitrarily in issuing its 6-month deepwater drilling moratorium." That question has not been appealed to this panel and, indeed, is currently pending before the district court below. As to the dissent's charge that our decision "shirks" our judicial responsibility, we are decidedly unpersuaded that one of this court's duties is to render judgment on matters that are not before us.

[4] Because the appeal itself is dismissed as moot, we need not decide any ancillary motions currently pending before this court. We make clear that our ruling is limited to the preliminary injunction and has no effect on the merits of the declaratory judgment or other underlying issues now before the district court.

No. 10-30585

DENNIS, Circuit Judge, dissenting:

I respectfully dissent from the majority's dismissal of the appeal from the district court's order granting a preliminary injunction against the Department of the Interior's ("DOI") May 28 moratorium on deepwater drilling (the "first moratorium"). This court has the jurisdiction and the duty under the Administrative Procedure Act ("APA") to decide expeditiously and finally whether the DOI acted arbitrarily in issuing its 6-month deepwater drilling moratorium. A prior motions panel of this court recognized that jurisdiction and duty in ordering an expedited hearing and decision of this appeal. The plaintiffs originally brought this action complaining of the DOI's alleged arbitrary action under the APA, and the district court and the parties agree that the crucial issue of arbitrariness *vel non* must be decided under the APA. The precedents of this circuit and others make clear that the APA's judicial review standards, not prudential considerations of injunctive relief, must be applied to enter a final judgment either affirming the DOI's order as having been validly issued, or vacating that order as having been issued arbitrarily or unlawfully.[1]

---

[1]   The standards of judicial review established by the APA call upon the courts to resolve the question of law of whether the first moratorium was arbitrary and capricious. *See Amerada Hess Corp. v. Dep't of Interior*, 170 F.3d 1032, 1034-35 (10th Cir. 1999) (holding that natural gas lessee's challenge to DOI orders could not be brought under the citizen suit provision of the Outer Continental Shelf Lands Act ("OCSLA"), but must be reviewed under the APA); *OXY USA, Inc. v. Babbitt*, 122 F.3d 251, 258 (5th Cir. 1997) ("We do not think that Congress intended for the citizen suit provision [of the OCSLA] to operate either as a means of obtaining 'umbrella' review for a series of agency decisions that were or will be otherwise subject to judicial review under the APA, or as an express avenue for appealing to the district court an initial agency decision that is subject to further review within the agency. To hold otherwise would be to interpret the citizen suit provision as implicitly repealing the APA with respect to such agency action. It is well-settled that repeals by implication are not favored."); *see also, inter alia, Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077 (D.C. Cir. 2001), discussed *infra*.

No. 10-30585

## I.

Following the BP Deepwater Horizon drilling rig blowout and oil spill disaster of April 20, 2010 on the Outer Continental Shelf in the Gulf of Mexico, the DOI began to investigate the disaster's causes and effects, including BP's shocking inability to stop or control the oil eruption that fouled Gulf waters, shores, bays and marshes. These events raised grave concerns about heretofore unrecognized and perhaps currently irremediable dangers involved in deepwater oil and gas drilling. Pending its inquiry, examination and research, the DOI, on May 28, 2010, acting under the authority vested in it by the Outer Continental Shelf Lands Act, suspended all deepwater offshore drilling operations in sea depths of more than 500 feet for six months because of their evident threat to the environment. Plaintiffs, Hornbeck Offshore Services, LLC and others, obtained from the district court a preliminary injunction staying the DOI's first moratorium on the grounds that it was likely arbitrary under the APA. *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 696 F. Supp. 2d. 627 (E.D. La. 2010).

The defendants-appellants, Kenneth Lee Salazar, Secretary of the DOI, and Michael R. Bromwich, Director of the Bureau of Ocean Energy, Management, Regulation and Enforcement ("BOEMRE"), formerly known as the Mineral Management Service ("MMS"), appealed, filed the DOI's existing administrative record in support of the moratorium with this Court of Appeals, and moved this court for a stay of the preliminary injunction pending their appeal. A majority of a motions panel denied that stay, over my dissent. However, all three judges on that motions panel concurred in ordering that the appeal be expedited so that an oral argument panel could quickly hear the case and enter a judgment after reviewing the district court's decision.

On July 12, the Secretary of the DOI purportedly acted to revoke the first moratorium order and issue a second one in its place. The Secretary moved this court to vacate the preliminary injunction as having been mooted by his second

moratorium order, which he filed with us along with the DOI's comprehensive outline of its administrative record supporting that order. That second moratorium is almost identical to the first, reaching similar offshore drilling activities, for the same six-month duration and based largely upon the same administrative record.

The majority of the present oral argument panel assigned to hear the expedited appeal, without rendering a decision, made a limited remand of the case to the district court to supplement the record and determine whether: (1) the Secretary had the authority to revoke the first moratorium; (2) the second moratorium actually relied upon new evidence; (3) the first and second moratoria were identical in scope; and (4) the preliminary injunction was moot. *Hornbeck Offshore Servs., LLC v. Salazar*, No. 10-30585, 2010 WL 3219469, at *1-2 (5th Cir. Aug. 16, 2010) (unpublished). I dissented and contended, in essence, that these are all issues of law within our competence, jurisdiction and duty to decide based on the administrative records on file with us. *Id.* at *2-5 (Dennis, J., dissenting).

On remand, the district court held a hearing and issued a second opinion concluding that the Secretary had the authority to revoke the first moratorium and impose the second, but that, in light of the voluntary cessation exception to the mootness doctrine, the case challenging the validity of the DOI's first moratorium was not moot. *Hornbeck Offshore Servs., L.L.C. v. Salazar*, Civil Action No. 10-1663, 2010 WL 3523040 (E.D. La. Sept. 1, 2010). Accordingly, the district court denied the defendants-appellants' motion to dismiss and for a stay and returned the instant appeal with the district court's determinations to the present panel of this court.

Now, in a surprising turnabout, the majority, apparently having received unexpected answers from the district court, dismisses the appeal without deciding anything, on the mistaken theory that the question of the first

No. 10-30585

moratorium's alleged arbitrariness is moot or no longer before us and that, therefore, any further ruling by us in this appeal would be purely an advisory opinion. This decision shirks our responsibility to render judgment upon the matter before us. Numerous cases, including controlling Supreme Court authority, counsel that where an interlocutory appeal presents a question of law—especially whether under the APA a Federal agency has acted arbitrarily and capriciously—and the record is sufficient to review that question, we have the authority and duty to enter final judgment on that issue. In the present case, we have a record that is almost 4,000 pages long, the district court has issued two opinions, and we have received innumerable briefs from the parties and amici. Accordingly, we have more than a sufficient administrative agency record upon which to render final judgment determining whether or not the DOI's first moratorium order was arbitrary. Further, as I explained previously, entering final judgment in this case would in no way violate the prohibition against advisory opinions because the plaintiffs' challenge to the first deepwater drilling moratorium is not moot. Rather, it falls within numerous exceptions to the mootness doctrine—including the voluntary cessation, capable of repetition yet evading review, and collateral consequences exceptions. *Hornbeck Offshore Servs.,* 2010 WL 3219469, at *3-5 (Dennis, J., dissenting). The majority's decision ignores that this case is not a typical civil litigation between private parties, but a challenge to a Federal agency regulatory decision brought before the district court as an appellate tribunal under the APA,[2] based on a complete administrative agency record, and thus presents a ripe question of law for our appellate review. It is unnecessary and against the interest of the public and the courts for this panel to continue to delay our final determination of whether the

---

[2] "As we have repeatedly recognized . . . when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001).

No. 10-30585

DOI acted arbitrarily in issuing its first deepwater drilling moratorium.

## II.

The D.C. Circuit's decision in *American Bioscience, Inc. v. Thompson*, 269 F.3d 1077 (D.C. Cir. 2001), illustrates both the error of the panel majority in concluding that we lack jurisdiction and the proper method of resolving the instant appeal. That case involved an "appeal[] from the district court's denial of [American Bioscience's] request for preliminary injunctive relief" against the Food and Drug Administration's ("FDA") decision to approve a generic version of the company's cancer treatment drug. 269 F.3d at 1078. In particular, analogous to the issues presented in the instant case, American Bioscience had argued that the FDA's actions "were contrary to the Administrative Procedure Act" in that they were arbitrary and capricious. *Id.* at 1081. The district court initially denied the preliminary injunction, but the D.C. Circuit remanded for reconsideration in light of the administrative record, which had not been previously filed. *Id.* at 1081-82. The district court again denied the preliminary injunction on the basis that American Bioscience had not shown irreparable injury or that it was likely to prevail on the merits. *Id.* at 1083. On appeal, the D.C. Circuit found it irrelevant that American Bioscience had failed to show irreparable injury, determined that the agency had acted arbitrarily, and ordered the district court to "vacate the FDA's order and remand to the agency." *Id.* at 1083, 1086. It explained that although the case was presented to the district court as a motion for a preliminary injunction, the court should have examined the administrative record and determined that the agency failed to comply with the APA. Specifically it stated, "As we have repeatedly recognized, . . . when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law." *Id.* at 1083-84 (citing *County of L.A. v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir.

1999); *Univ. Med. Ctr. of S. Nev. v. Shalala*, 173 F.3d 438, 440 n.3 (D.C. Cir. 1999); *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993)). Therefore, "[i]f an appellant . . . prevails on its APA claim, it is entitled to relief under that statute, which normally will be a vacatur of the agency's order." *Id.* at 1084. Because the appellant was entitled to that remedy, the court of appeals continued, where the district court had failed to properly enter final judgment, it was incumbent upon the appellate court to do so. *Id.* The appeals court acknowledged that American Bioscience had "introduced a good deal of confusion by seeking an injunction," but stated that this was irrelevant. *Id.* "[I]f [the appellant] makes out its case under the APA it is entitled to a remedy." *Id.*

Thus, the *American Bioscience* court held that when a plaintiff complains that a federal agency acted arbitrarily under the APA, and the agency presents its administrative record in support of its actions, the fact that a party moved for a preliminary injunction below does not limit the courts' authority and duty under the APA to perform judicial review of the agency's decision for arbitrariness. When the administrative record is available for review, and a court is asked to determine whether the agency's action was arbitrary, capricious or unlawful, a court can and should issue a final judgment on the merits under the APA regardless of the form of the motion presenting that issue. If the district court fails to carry out this duty, then the appellate court is bound to review the record independently and enter the proper final judgment. Accordingly, we have the jurisdiction and duty to review the DOI's moratorium order for alleged arbitrariness. This issue remains reviewable because it falls within the voluntary cessation, capable of repetition yet evading review, and collateral consequences exceptions to the mootness doctrine. *Hornbeck Offshore Servs.*, 2010 WL 3219469, at *3-5 (Dennis, J., dissenting).  Therefore, as in *American Bioscience*, this panel should have provided a full and final judgment on the

No. 10-30585

merits of the appeal, determining whether the DOI acted arbitrarily and capriciously.

## III.

The cases cited in the majority's order actually controvert and undermine its conclusions. None involved a suit, such as the present case, in which a party challenged a Federal agency's action as arbitrary, thus invoking the federal court's authority and duty to decide the question of law of whether a federal agency's conduct was arbitrary or capricious under the APA.

Furthermore, even though they involved only private parties or state officials, the cases cited by the majority corroborate that under a proper application of the mootness doctrine's exceptions, the issue of whether the first moratorium order was arbitrary and capricious is not moot, and thus deciding either to vacate the DOI's order as arbitrary or to affirm it as rational and non-arbitrary would not be an advisory opinion. In *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 226-29 (5th Cir. 1998), we held, in private party litigation, that an attorney's disbarment without due process was not moot, despite the district court's reinstatement of her to its bar, because her disbarment caused continuing stigma and damage to her reputation. Thus, *Dailey* illustrates an application of the collateral consequences exception to the mootness doctrine that I previously explained is applicable to the instant case. *See Hornbeck Offshore Servs.*, 2010 WL 3219469, at *4 (Dennis, J., dissenting). Likewise, *In re Blast Energy Services, Inc.*, 593 F.3d 418, 423 (5th Cir. 2010), a bankruptcy case, indicates that a case is not moot if the judgment from this court would provide a remedy. Because the instant case falls within numerous exceptions to the mootness doctrine, the present appeals panel, by entering a final judgment holding either that the DOI's action was arbitrary and therefore vacatable or that it was not arbitrary and should be upheld, would provide a meaningful decision and an

10

appropriate remedy, not merely an advisory opinion. *See Hornbeck Offshore Servs.,* 2010 WL 3219469, at *3-5 (Dennis, J., dissenting).

Moreover, the only case cited by the majority that actually speaks to appellate jurisdiction over preliminary injunctions, *University of Texas v. Camenisch*, 451 U.S. 390 (1981), corroborates *American Bioscience*'s teaching that in litigation under the APA, when the agency presents a properly developed record, even if the parties have appealed only the entry of a preliminary injunction, a court of appeals should review and determine arbitrariness *vel non* in a final judgment. In *Camenisch*, the Fifth Circuit affirmed the grant of a preliminary injunction requiring the University of Texas to provide a deaf student an interpreter. 451 U.S. at 391-93. We concluded that the case was not moot, even though by the time the case reached our court the University had complied with the preliminary injunction and the student had graduated, because the issue of who should pay for the interpreter remained live. *Id.* at 393. The Supreme Court reversed, stating that our court "correctly held that the case as a whole is not moot, since . . . it remains to be decided who should ultimately bear the cost of the interpreter," but that issue was not sufficient to allow our court to rule on the preliminary injunction. *Id.* Instead, the Supreme Court concluded that the case "must be remanded to the District Court for trial on the merits." *Id.* at 394. However, the Court explained that this decision was premised upon the notion that the preliminary injunction was "granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* at 395. Likewise, the holding presumed that the parties and courts would benefit from a "full opportunity to present their case[]." *Id.* at 396.

Consistent with this reasoning, *Camenisch* distinguished our decision in *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260 (5th Cir. 1978). *Camenisch*, 415 U.S. at 397 n.3. In *Kinnett* this court explained that where the parties had

appealed the grant of a preliminary injunction, but subsequent events "eliminated" the force and effect of that injunction, "reducing the task before this court to a simple decision on the merits," this court could nonetheless enter judgment on the merits. 580 F.2d at 1266. Such a judgment was allowable, the court continued, because the case presented a "paradigm" instance of an event that was "capable of repetition yet evading review" and therefore the appeal was not moot and "a real controversy exist[ed]," which should be disposed of on the merits. *Id.* at 1266 & n.14.

As *American Bioscience* demonstrates, neither of *Camenisch*'s presumptions justifying limited interlocutory jurisdiction over preliminary injunctions as a general rule in conventional civil litigation, holds true in the instant administrative law case. Where, as here, a case presents the question of whether an agency action was arbitrary and capricious under the APA, "[t]he 'entire case' on review is a question of law." *American Bioscience*, 269 F.3d at 1083 (citing *County of L.A.*, 192 F.3d at 1011; *Univ. Med. Ctr. of S. Nev.*, 173 F.3d at 440 n.3; *James Madison Ltd.*, 82 F.3d at 1096; *Marshall County Health Care Auth.*, 988 F.2d at 1226). Therefore, a remand for a trial on the merits in the district court is not possible and would not benefit the parties or the courts. Instead, the case is more analogous to *Kinnett*. It falls into numerous exceptions to the mootness doctrine. *Hornbeck Offshore Servs.,* 2010 WL 3219469, at *3-5 (Dennis, J., dissenting). All that is required to reach the underlying arbitrariness claim is a sufficient administrative record, *American Bioscience*, 269 F.3d at 1083-84, and such a record has been filed with this court. *See id.* at 1084. Accordingly, *Camenisch*'s limits on our interlocutory jurisdiction as a general rule in conventional civil litigation are inapplicable in the present APA case. Instead, through its citation distinguishing *Kinnett*, *Camenisch* indicates that litigation based on an established record, such as suits challenging agency action under the APA, falls into an exception to *Camenisch*'s general rule, which

supports our retaining jurisdiction and deciding the arbitrariness issue by a final judgment.

## IV.

Finally, even if one were to disagree with the foregoing authorities and reasoning, there would remain an additional reason to find that this appeal is not moot and ought to be orally argued and decided finally on the issue of arbitrariness one way of the other. That is, there is a genuine legal question whether the first moratorium continues to have force and effect. Governing Supreme Court precedent suggests that the Secretary of the DOI was without authority to revoke the first moratorium and enter the second if such an action would strip us of jurisdiction. If this is correct, then the first moratorium remains in place and there can be no doubt that the appeal of the preliminary injunction presents a live controversy to this court.

In *American Farm Lines v. Black Ball Freight Service*, the Supreme Court reviewed the Interstate Commerce Commission's ("ICC") decision to grant American Farm Lines "temporary operating authority" as a motor carrier. 397 U.S. 532, 535 (1970). Much as in this case, while petitions for review of that decision were pending, the ICC reopened its proceedings and took further evidence in order to support its grant of authority to American Farm Lines. *Id.* at 536. It was then suggested that this second order deprived the courts of the power to review the ICC's initial decision. *Id.* at 536, 540-41. The Supreme Court wrote, "This power of the [Interstate Commerce] Commission to reconsider a prior decision does not necessarily collide with the judicial power of review. For while the court properly could provide temporary relief against a Commission order, its issuance does not mean that the Commission loses all jurisdiction to complete the administrative process. It does mean that thereafter the Commission is 'without power to act inconsistently with the Court's

13

jurisdiction.'" *Id.* at 541 (quoting *Inland Steel Co. v. United States*, 306 U.S. 153, 160 (1939)). Thus, the Court continued, the second decision of the ICC was only valid because the ICC "did not act inconsistently with what the [lower courts] had done. . . . [I]n light of the District Court's stay, [the ICC] by express terms, directed [American Farm Lines] not to perform operations under the first order and made the second order effective only on further order of the Commission," which was not granted while the case considering the first ICC decision was pending. *Id.* at 541-42 & n.9. Under *American Farm Lines* the Secretary's power is limited to developing a second moratorium that would be imposed once we resolve the appeal challenging the first. Thus, contrary to the majority's erroneous conclusion, the Secretary could not revoke and replace his first moratorium with a  second, if that would moot the appeal and undermine our judicial review of the Secretary's and the DOI's alleged action.

## V.

By invoking the unfounded specter of issuing an advisory opinion, the panel majority has dismissed an appeal that, according to controlling and persuasive authority, continues to present a live case or controversy which this court has the authority and duty to resolve by a final judgment. In doing so, it ignores the clear intent and order of the unanimous motions panel of this court, that the case should be heard and decided expeditiously. Moreover, it denies the parties and the public their rightful opportunity to learn whether the DOI acted arbitrarily and capriciously in issuing the first deepwater drilling moratorium. This case should have been set long ago for oral argument, at which we could have discussed the foregoing issues with the parties, recognized that the DOI's alleged arbitrariness is not a moot issue, and proceeded to decide that issue finally and expeditiously.

For these reasons, I dissent.