PER CURIAM: *
Before this court is Appellants’ appeal of the district court’s preliminary injunction enjoining enforcement of the government’s moratorium on deepwater drilling in the Gulf of Mexico.
In order for this court to maintain appellate jurisdiction over Appellants’ appeal of the preliminary injunction, it must be able to provide the parties with some type of effective relief. See Dailey v. Vought Aircraft Co., 141 F.3d 224, 227 (5th Cir.1998) (citation omitted). The order preliminarily enjoining the moratorium that was issued on May 28, 2010, is the sole subject of the appeal. The May 28 moratorium has been expressly rescinded by the Secretary of the Interior and the rescission has been recognized by the district *148 court, at least for purposes of the preliminary injunction against that moratorium. Consequently, the preliminary injunction no longer has the same, if any, legal or practical effect.[1] We therefore hold that this appeal, seeking to set aside the subject preliminary injunction, has been mooted by the acts of the appellant Secretary and by the subsequent rulings of the district court that granted that injunction. Any opinion expressed by this court on the merits and legality of the issuance of the preliminary injunction would address an injunction that is legally and practically dead.[2] See In re Blast Energy Servs., Inc., 593 F.3d 418, 423 (5th Cir.2010) (“If an appellate court is unable to grant any remedy for [a party], its opinion would be merely advisory and it must dismiss the appeal as moot.”).[3]
This appeal is therefore DISMISSED as moot.[4]

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. In response to our question whether the Secretary of the Interior had the authority to declare the provisions of the May 28 moratorium to be withdrawn, the district court held that "there is simply insufficient support for holding that the rescission was without some administrative force.” Hornbeck v. Salazar, No. 10-30585, Order & Reasons at 11, 2010 WL 3523040 (E.D.La. Sept. 1, 2010). We understand this ruling to reflect the district court's view that the moratorium the preliminary injunction enjoined no longer has any operative effect. We express no opinion as to the merits of the district court's conclusion on this issue, except to say that the first moratorium presently has no effect. Any merits relating to the legal effect of the first moratorium are not at issue in this appeal of the preliminary injunction against that moratorium.

. We do not express any opinion on whether the issuance of a second moratorium (1) violated the district court's preliminary injunction; (2) was done merely to avoid judicial review of the first moratorium; or (3) renders moot the merits of the underlying suit.

. We view the dissent as having no merit because its legal arguments, although well stated and deserving of our respect, apply to rare situations not presented here. See Univ. of Tex. v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits.”). Apparently eager to reach the merits of a different appeal, the dissent urges that we decide today "whether the [Department of the Interior] acted arbitrarily in issuing its 6-month deepwater drilling moratorium.” That question has not been appealed to this panel and, indeed, is currently pending before the district court below. As to the dissent's charge that our decision "shirks” our judicial responsibility, we are decidedly unpersuaded that one of this court’s duties is to render judgment on matters that are not before us.

.Because the appeal itself is dismissed as moot, we need not decide any ancillary motions currently pending before this court. We make clear that our ruling is limited to the preliminary injunction and has no effect on the merits of the declaratory judgment or other underlying issues now before the district court.