# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2012

No. 10-20295

Lyle W. Cayce
Clerk

ROBERT ALPERT; ROMAN MERKER ALPERT;
DANIEL ALPERT; LINDA STANLEY,

Plaintiffs – Appellees

v.

MARK R. RILEY,

Defendant – Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3774

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Mark R. Riley appeals the district court's issuance of a preliminary injunction, and requests that the injunction be "vacated" or "modified to eliminate provisions requiring restitution or restoration to the trusts by Riley . . . ." On December 29, 2011, the district court entered a final judgment in which it dissolved the preliminary injunction at issue in this appeal. The court also declined to enter a permanent injunction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20295

We hold that this appeal has been mooted by the district court's dissolution of the preliminary injunction, as we can no longer grant Appellant's requested relief. *See In re Blast Energy Servs., Inc.*, 593 F.3d 418, 423 (5th Cir. 2010) ("If an appellate court is unable to grant any remedy for an appellant, its opinion would be merely advisory and it must dismiss the appeal as moot."); *see also Hornbeck Offshore Servs., L.L.C. v. Salazar*, 396 F. App'x 147, 147 (5th Cir. 2010) ("In order for this court to maintain appellate jurisdiction over Appellants' appeal of the preliminary injunction, it must be able to provide the parties with some type of effective relief.").[1]

This appeal is therefore DISMISSED AS MOOT.

---

[1] Appellant contends that his potential wrongful injunction claim is sufficient to preserve appellate jurisdiction. The Supreme Court has explained, however, that "[a] party injured by the issuance of an injunction later determined to be erroneous has *no action for damages* in the absence of a bond." *W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 770 n.14 (1983) (emphasis added); *see Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131 n.6 (5th Cir. 1990) (citing *W.R. Grace*, 461 U.S. at 770 n.14)); *see also In re UAL Corp.*, 412 F.3d 775, 779 (7th Cir. 2005) (same); *Certified Grocers of Ill., Inc. v. Produce Union Local 703*, 816 F.2d 329, 331 (7th Cir. 1987) ("[If the preliminary injunction is defunct, it is irrelevant and the appeal from it is not justiciable. There are several potential ways around this conclusion. One is that an injunction bond may keep an appeal alive. There was no bond in this case, however.") (citations omitted). As the district court in this case did not require the Appellees to post a bond when it issued the preliminary injunction, Appellant lacks a wrongful injunction claim.