# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11476

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2019

Lyle W. Cayce
Clerk

In the Matter of: THRU, INCORPORATED

    Debtor

DROPBOX, INCORPORATED,

    Appellant

v.

THRU, INCORPORATED; THRU, L.L.C.; LEE HARRISON; ELIZA JANE MCCOY; RODERIC HOLLIDAY-SMITH,

    Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1958
USDC No. 3:17-CV-1959

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    In this Chapter 11 bankruptcy proceeding filed by the appellee Thru, Inc. ("Thru"), the appellant Dropbox, Inc. ("Dropbox") held a $2.3 million judgment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11476

from a California federal court and was Thru's largest creditor. Following protracted litigation in the bankruptcy court, the bankruptcy court overruled Dropbox's objections to Thru's proposed plan of reorganization (the "Plan"). On July 10, 2017, the bankruptcy court confirmed the Plan.

Dropbox appealed to the district court. However, it did not obtain a stay, and the Plan was consummated. With respect to Dropbox's claim, the Plan proposed to pay Dropbox the full amount of its claim ($2.3 million) over a 6.5-year amortization schedule with interest at the federal judgment rate (1.22%).

Before the district court, the debtor Thru filed a motion to dismiss Dropbox's appeal as equitably moot because of significant post-confirmation transactions made by Thru as authorized by the Plan. This included assumption of executory contracts with third parties; obtaining loans relating to exit from bankruptcy; payment of creditors pursuant to the Plan; and entering into numerous contracts with third parties relating to conducting its business.

The district court granted Thru's motion to dismiss based on the well-established doctrine of equitable mootness. The doctrine, unique to bankruptcy proceedings, "authorizes an appellate court to decline review of an otherwise viable appeal of a Chapter 11 reorganization plan, but only when the reorganization has progressed too far for the requested relief practicably to be granted."[1] The court considers "(1) whether a stay was obtained, (2) whether the plan has been 'substantially consummated,' and (3) whether the relief requested would affect either the rights of parties not before the court or the success of the plan."[2] We review a district court's ruling on equitable mootness *de novo*.[3]

---

[1] *In re Blast Energy Services, Inc.*, 593 F.3d 418, 424 (5th Cir. 2010).

[2] *In re Manges*, 29 F.3d 1034, 1039 (5th Cir. 1994).

[3] *In re GWI PCS 1 Inc.*, 230 F.3d 788, 799 (5th Cir. 2000).

No. 18-11476

We agree with the district court that Thru demonstrated that the Plan had progressed too far for the relief requested to practically be granted.[4] In short, reversal would require third-party creditors to return distributions already paid, and upset the expectation and reliance interests of third-party customers, vendors, and partners in good faith who entered into post-confirmation transactions with Thru.

The only issue that is appropriate for review is Dropbox's claim that the district court erred in finding that interest at the federal judgment rate of 1.22% satisfied the cramdown requirements of Section 1129(b) of the Bankruptcy Code. Dropbox argued that the bankruptcy court should have applied the "prime-plus" formula endorsed by a plurality of the Supreme Court in *Till v. SCS Credit Corp.*[5] by starting at the prime rate of 4.25% and adjusting upward; or the market rate approach. Further, Dropbox argued that the federal judgment rate (1.22%) was insufficient because it was lower than the rate of inflation (1.7%). We review a bankruptcy court's cramdown-rate analysis for clear error.[6]

---

[4] We also agree with the district court's conclusion that the doctrine of equitable mootness precludes review of Dropbox's claim of unfair discrimination. When there is no remedy for an alleged unfairly discriminatory plan other than to unwind it, it is appropriate to decline review. *See In re Pacific Lumber Co.*, 584 F.3d 229, 251 (5th Cir. 2009). Dropbox suggests that the district court could "have addressed unfair discrimination without unwinding the Plan by invalidating the insider liens and recharacterizing the Prepetition Loan and the Exit Facility as the equity contributions they really are." First, neither the bankruptcy court nor the district court could invalidate the insider liens unless presented with an adversary proceeding. Fed. R. Bankr. P. 7001(2). Second, the district court did not have the authority to recharacterize the Prepetition Loan and the Exit Facility as equity rather than debt because Dropbox does not point to its objection to this characterization in the bankruptcy court. 11 U.S.C. § 502(a) ("A claim of interest, proof of which is filed … is deemed allowed, unless a party in interest … objects."). Unwinding the Plan is the only way to remedy its allegedly unfairly discriminatory aspects. The district court correctly applied the doctrine of equitable mootness.

[5] 541 U.S. 465 (2004).

[6] *In re Texas Grand Prairie Hotel Realty, L.L.C.*, 710 F.3d 324, 330-331 (5th Cir. 2013).

No. 18-11476

Under Section 1129(b), a bankruptcy court can confirm a reorganization plan over a creditor's objection "if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan."[7] To be fair and equitable, a plan must provide unsecured creditors with "property of a value, as of the effective date of the plan, equal to the allowed amount of such claim."[8]

Although, as the bankruptcy court observed, the federal judgment rate was lower than the rate of inflation at the time of confirmation, it provided unsecured creditors the amount they would receive outside of bankruptcy. We find no clear error in the bankruptcy court's choice of interest at the federal judgment rate.

For these reasons and those assigned in the district court's careful October 19, 2018 memorandum opinion and order, the judgment of the district court is AFFIRMED.

---

[7] 11 U.S.C. § 1129(b).

[8] 11 U.S.C. § 1129(b)(2)(B)(i).

4