# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2022

Lyle W. Cayce
Clerk

No. 21-60567

Realty Income Corporation,

*Plaintiff—Appellee*,

*versus*

Golden Palatka, L.L.C.; Ahmed El-Hawary, *Individually*,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-682

Before Higginbotham, Dennis, and Graves, *Circuit Judges*.
Per Curiam:*

Realty Income Corporation (RIC) entered a commercial sublease with Golden Palatka, guaranteed by Ahmed El-Hawary. Golden Palatka never took possession of the building nor paid any rent. Before us is a dispute regarding the damages owed to RIC.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60567

## I.

RIC, a Maryland Corporation, and Golden Palatka, an LLC organized in Florida, with a sole member who is a resident of Florida, entered into the Land and Building Sublease Agreement (the lease) on July 7, 2016.[1] El-Hawary, manager of Golden Palatka, and RIC then executed a Guaranty of the Sublease on August 31, 2016. The lease ran for ten years, beginning with a Feasibility Period, which allowed Golden Palatka to terminate the lease before August 31, 2016. Golden Palatka did not terminate the lease during the Feasibility Period. The lease required Golden Palatka to pay rent, utilities, and property taxes, to ensure the premises were clean and in good repair, and to reimburse RIC for reasonable attorney's fees incurred to enforce the lease. The lease also abated Golden Palatka's rent obligations until the earlier of either May 28, 2017, or the opening of the Golden Corral. Golden Palatka never took possession of the premises, never opened the Golden Corral, and never paid rent to RIC.

After sending demand letters to Golden Palatka, RIC sued Golden Palatka and El-Hawary for damages resulting from the breach of the lease and guaranty. In response, Golden Palatka argued that RIC had failed to deliver the building in habitable condition and to mitigate damages after Golden Palatka's breach. The district court granted summary judgment to RIC. On October 2, 2020, RIC filed a Supplemental Memorandum in Support of Damages showing it had incurred $656,851.70 in damages. This was supported by a sworn declaration from Kyle Campbell, RIC's Vice President, Senior Counsel, and Risk Manager, and by 160 pages of business records, including a ledger of overdue rent and tax payments, invoices, work orders,

---

[1] As diversity of citizenship is complete and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction under 28 U.S.C. 1332 and will apply the laws of Mississippi.

No. 21-60567

and utility bills.[2] The district court gave Golden Palatka fourteen days to contest the damages, but Golden Palatka never responded. Nearly three months later, the district court entered an order awarding the damages "as uncontested."

Golden Palatka then filed a Motion to Alter or Amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure arguing that RIC's damages calculation relied on Campbell's unsigned declaration.[3] The district court denied the motion and Golden Palatka timely appealed. We affirm.

## II.

First, we must address what is before us on appeal. RIC argues that Golden Palatka's notice of appeal covers only the district court's denial of the Rule 59(e) motion, not the underlying summary judgment and award of damages, because the notice refers only to the district court's Rule 59(e) order.[4] Although we "may not waive the jurisdictional requirements of" Rule 3, we "liberally" construe a litigant's filings under this rule.[5] When a party appeals only the denial of a motion for reconsideration under Rule 59(e), we infer that the party meant to appeal the adverse underlying judgment when the party's intent to do so is clear.[6] Given that Golden Palatka fully briefed the issues raised by the underlying judgment, we infer

---

[2] RIC initially attached an unsigned version of Campbell's declaration; however, it filed a signed copy on October 16, 2020.

[3] Golden Palatka also provided the entirety of RIC's document production.

[4] F. R. App. Pro. 3(c).

[5] *Pope v. MCI Telecommunications Corp.*, 937 F.2d 258, 266 (5th Cir. 1991).

[6] *R.P. ex rel. R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012); *Lockett v. Anderson*, 230 F.3d 695, 700 (5th Cir. 2000); *C.A. Marine Supply v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981).

that it intends to appeal the grant of summary judgment, award of damages and denial of the Rule 59(e) motion and address each in turn.[7]

## A.

We first review the district court's grant of summary judgment and award of damages to RIC. We review a grant of summary judgment *de novo*, viewing all evidence and drawing reasonable inferences in favor of the non-moving party.[8] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] Our "inquiry is limited to the summary judgment record before the trial court."[10]

Golden Palatka argues that the district court erred in finding that RIC mitigated damages following its breach of the lease. "An injured party has a duty to take reasonable steps to mitigate damages."[11] However, the failure to mitigate damages is an affirmative defense, so it was Golden Palatka's burden to prove that RIC did not mitigate damages.[12] Golden Palatka provided its June 5, 2017 email notifying RIC that it could not manage the building effectively, to show the date RIC should have begun mitigating damages, and a declaration from El-Hawary stating that had RIC "made reasonable attempts to find a replacement tenant, that a tenant could have been secured in 2018." However, Golden Palatka provided no evidence regarding the

---

[7] *R.P.*, 703 F.3d at 808; *see Smither v. Ditech Fin.*, L.L.C., 681 F. App'x 347, 351 (5th Cir. 2017) (per curiam).

[8] *Ratliff v. Aransas Cty., Tex.*, 948 F.3d 281, 287 (5th Cir. 2020).

[9] FED. R. CIV. P. 56(a).

[10] *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011).

[11] *Rolison v. Fryar*, 204 So.3d 725, 736 (Miss. 2016).

[12] *In re Itron, Inc.*, 883 F.3d 553, 565 (5th Cir. 2018).

reasonableness of RIC's mitigation efforts, relying only on El-Hawary's conclusory and unsubstantiated statement that RIC *should* have been able to secure a new tenant earlier. El-Hawary was not designated as an expert regarding the leasing market, nor did he lay the necessary foundation as a lay witness to show first-hand knowledge of the leasing market.[13] "We do not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[14] Thus, Golden Palatka failed to create any genuine issue of material fact as to RIC's failure to mitigate damages.

Golden Palatka also challenges the district court's award of $656,851.70 in damages. RIC's damages calculation was undisputed at the time it was awarded. Golden Palatka did not contest RIC's calculation of damages until its Rule 59(e) motion. As we do not consider arguments presented for the first time on appeal,[15] we do not consider Golden Palatka's challenge to the damages award, outside of our analysis of its Rule 59(e) motion.[16]

## B.

We next review the district court's denial of Golden Palatka's Rule 59(e) motion. The standard of our review depends on "whether the district court considered the materials attached to the [moving party's] motion,

---

[13] FED. R. EVID. 702, 602.

[14] *McCallum Highlands, Ltd. v. Washington Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *opinion corrected on denial of reconsideration*, 70 F.3d 26 (5th Cir. 1995); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[15] *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

[16] *Est. of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018); *Pickle v. Int'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1241 (5th Cir. 1986) (refusing to review an uncontested damages award where the party had not made a Rule 59 motion).

which were not previously provided to the court."[17] When the district court considers the new evidence, we review the decision *de novo*. However, when the district court does not consider the new evidence, we review the denial of the motion for abuse of discretion.[18] Here, the district court explicitly said that the new evidence and arguments could have been presented previously and so it did not consider them. We review the district court's denial of Golden Palatka's 59(e) motion for abuse of discretion.[19]

Rule 59(e) is "an extraordinary remedy that should be used sparingly."[20] It is reserved "for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence"[21] and "cannot be used to raise arguments which could, and should, have been made before the judgment issued."[22] Just as the failure to respond to a motion to dismiss "is not a manifest error of law or fact," the same is true here.[23] Golden Palatka never responded to RIC's calculation of damages. The failure to respond was in its "reasonable control" and Golden Palatka has not explained its failure to respond. [24] Moreover, Golden Palatka does not

---

[17] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir.2004).

[18] *Id.*

[19] *Luig v. N. Bay Enterprises, Inc.*, 817 F.3d 901, 905 (5th Cir. 2016).

[20] *Templet*, 367 F.3d at 479.

[21] *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019).

[22] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[23] *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019); *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021).

[24] *Rollins*, 8 F.4th at 396.

No. 21-60567

present any change in the controlling law or any newly discovered evidence.[25] The district court did not abuse its discretion in denying Rule 59(e) relief.

\* \* \* \*

We AFFIRM the district court's grant of summary judgment and award of damages and its denial of the Rule 59(e) motion.

---

[25] *Schiller*, 342 F.3d at 567-68.