**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2445
_____

In re:  REZA FARZAN, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-20-cv-07134)
District Judge:  Honorable Freda L. Wolfson

_____

_____

No. 21-2446
_____

In re:  REZA FARZAN, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-20-cv-07135)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2022

Before: MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 27, 2022)

_____

OPINION[*]

_____

PER CURIAM

In these related appeals, Reza Farzan, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey dismissing two bankruptcy appeals and orders denying his subsequent motions for relief. We will affirm the judgments of the District Court.

In 2019, Bayview Loan Servicing, LLC obtained a judgment of foreclosure against Farzan in New Jersey state court. Shortly thereafter, Farzan filed a Chapter 13 bankruptcy petition. Farzan unsuccessfully filed an adversary proceeding against Bayview claiming fraud related to his mortgage. Farzan also filed a motion in the Bankruptcy Court to disallow Bayview's proof of claim. Bayview filed a motion for relief from the automatic stay. The Bankruptcy Court granted Bayview's motion and denied Farzan's motion. On June 5, 2020, Farzan filed notices of appeal as to both orders and two appeals were docketed in the District Court.

On October 20, 2020, the District Court sua sponte dismissed both appeals. Farzan had not complied with Federal Rule of Bankruptcy Procedure 8009(a), which requires the filing of a designation of the items to be included in the record on appeal and a statement of the issues within 14 days of the filing of a notice of appeal. The District

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Court considered the factors in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984), and concluded that dismissal was warranted.

Farzan moved to reinstate both appeals. He stated that on June 12, 2020, he had mailed a letter from his home designating the record for both appeals. Farzan, who was 70 years old, suffered from medical conditions and had stopped going to the post office due to the COVID-19 pandemic. Farzan addressed the Poulis factors and asserted that he had been doing his best to proceed in good faith. He stated, among other things, that neither the Bankruptcy Court nor the District Court had notified him that his designation of the record was not received. He was unaware that he was required to file a statement of the issues. Farzan attached a copy of a document designating the record dated June 12, 2020. He also filed the document and a statement of the issues for the appeals.

The District Court denied Farzan's motion, which it construed as a motion under Federal Rule of Civil Procedure 60(b) for relief from the judgment. Although the District Court did not find that Bayview would be prejudiced if the appeals were reinstated, it explained that the delay was substantial. Farzan did not file the required documents until November 2020, more than five months after he filed his notices of appeal. The District Court noted that Farzan appeared to be aware of the rule as he had timely filed these documents in his appeal in his adversary proceeding.[1]

The District Court also did not find Farzan's explanation credible and noted that this undercut his assertion that he acted in good faith. It stated that Farzan did not

---

[1] The docket for this appeal reflects that Farzan filed a designation of the record; he did not file a statement of issues. See D.N.J. Civ. No. 3-20-cv-03330.

3

provide proof that he mailed the June 12, 2020, document designating the record, that he did not appear to have checked the docket to see whether the Bankruptcy Court received it, and that he did not inquire about the status of his appeals or whether the Court had transmitted the record to the District Court, which would have triggered the time to file his brief. The Court was sympathetic to the difficulties caused by the pandemic, but concluded that Farzan had not explained his failure to monitor the docket and that his dilatory conduct did not constitute excusable neglect warranting relief under Rule 60(b).

Farzan filed a motion to reconsideration. He reiterated arguments made in his motion to reinstate his appeals and asserted that the Bankruptcy Court had misled him. He also noted that he had left a voicemail with the District Court Clerk's Office inquiring about his appeals, although he admitted he did not follow up again. Farzan submitted evidence of issues with mail delivery due to the pandemic, notes from his doctor and therapist, and copies of emails he had exchanged with Bankruptcy Court staff.

The District Court denied Farzan's motion for reconsideration. It rejected his argument that the Bankruptcy and District Courts were required to notify him of the deadlines or deficiencies, restated the reasons it had denied his motion to reinstate his appeals, and explained that the failure to comply with Rule 8009(a) was grounds for dismissal. It also ruled that Farzan's documentary evidence was not new and did not change the outcome. These appeals followed.

4

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1).[2] We review the District Court's orders for abuse of discretion. See Jewelcor Inc. v. Asia Com. Co., Ltd., 11 F.3d 394, 397 (3d Cir. 1993) (dismissal order); In re Blast Energy Servs., Inc., 593 F.3d 418, 423 (5th Cir. 2010) (order denying motion for rehearing).[3]

Farzan argues in his brief that the District Court erred in denying his motion to reinstate his appeals and his motion for reconsideration. He reiterates that neither the Bankruptcy Court nor the District Court notified him that a designation of the record and statement of issues were not received. He also argues that dismissal of his appeals was not warranted for failing to comply with Rule 8009(a) and notes cases where appeals were not dismissed based on such failures.

The District Court had discretion to dismiss Farzan's appeals for failure to comply with Rule 8009(a). See Fed. R. Bankr. P. 8003(a)(2). As the District Court noted, Farzan cites no support for his contention that the Bankruptcy and District Courts should have notified him that the required filings were not received. We agree with Farzan to the extent he contends that the District Court should have given him notice and an

---

[2] Our jurisdiction extends to all of the District Court's orders. Because the District Court did not issue a separate judgment when it dismissed Farzan's appeals, the order is not deemed entered until March 19, 2021. See Fed. R. App. P. 4(a)(7)(A)(ii), 6(b)(1); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). Farzan's then-pending motion for reconsideration tolled the running of the time to appeal until reconsideration was denied on July 27, 2021, and Farzan timely filed his notices of appeal on July 30, 2021. See Fed. R. App. P. 4(a)(1), 6(b)(1), 6(b)(2)(A).

[3] Farzan's motions are properly treated as motions for rehearing under Federal Rule of Bankruptcy Procedure 8022. See English-Speaking Union v. Johnson, 353 F.3d 1013, 1020 (D.C. Cir. 2004) (addressing predecessor Rule 8015).

5

opportunity to respond before dismissing his appeals. See Brief at 64; In re Harris, 464 F.3d 263, 272-73 (2d Cir. 2006) (requiring notice and an opportunity to respond where district court dismissed debtor's appeal for failure to include a transcript in the designation of the record); see also Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) (holding a district court should provide an opportunity to explain a failure to prosecute before dismissing a case). However, Farzan explained his failure to comply with Rule 8009(a) in his motion to reinstate his appeals. As noted above, the District Court ruled that relief was not due in light of the substantial delay and his ability to follow the rules in another bankruptcy appeal. It also found Farzan's explanation – that he was unaware that the Bankruptcy Court did not receive his document designating the record – not credible.

Farzan has not shown that the District Court erred in this regard. As the District Court recognized, Farzan was litigating an appeal of the dismissal of his adversary complaint related to the same bankruptcy case. He filed his brief in that appeal shortly before filing his notices of appeal of the Bankruptcy Court orders at issue here. Farzan was also filing documents in the state foreclosure action and a related federal civil rights action at this time. Insofar as Farzan states that he could file documents by email in the District Court but not in the Bankruptcy Court, that does not explain his failure to monitor the dockets. His filings reflect that he had access to PACER. Farzan notes that courts had issued standing orders extending deadlines due to the pandemic; however, the extensions were no longer in place when his filings were due.[4]

---

[4] Farzan does not contend in his opening brief that the District Court erred in assessing the Poulis factors or applied an incorrect standard in deciding his motion to reinstate his

6

Farzan also disputes the District Court's conclusion that the letters from his doctor and therapist were not new evidence, which is required for a motion for reconsideration. He states that he could not have obtained them before filing his motion to reinstate his appeals. Even if Farzan's letters could be considered under Rule 8022, see supra note 3, we agree with the District Court that they do not adequately explain his failure to prosecute his appeals. As discussed above, Farzan was able to litigate other matters at this time.

We also agree with the District Court that Farzan's other evidence was not new or that relief was not due to the extent it could be considered. Farzan submitted evidence showing that the pandemic impacted mail service in December 2020, but this was six months after he filed his appeals. And this evidence does not address why Farzan did not pursue his appeals after he purportedly mailed the designation of the record.

Farzan also submitted copies of emails to show that the Bankruptcy Court led him to believe he had done everything needed to perfect his appeals. The Bankruptcy Judge's Courtroom Deputy emailed Farzan regarding the notice of appeal and fee that the Court had received. Farzan clarified that he sought to appeal two orders and the Courtroom Deputy advised him that he needed to send a filing fee for the second appeal. This exchange did not involve Rule 8009(a)'s requirements.

---

appeals. We do not consider any issues in this regard as Farzan has forfeited them. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Distr., 877 F.3d 136, 147 (3d Cir. 2017). Farzan has also forfeited any issue raised for the first time in his reply brief. Garza v. Citigroup Inc., 881 F.3d 277, 284-85 (3d Cir. 2018).

Farzan also emailed the Courtroom Deputy after he learned that his appeals were docketed in the District Court. He asked if he should "wait for dates for designations and scheduling orders[.]" Mot. for Recons., Exh. 6. The Courtroom Deputy responded that his case was assigned to the District Court and that he should contact that Court for dates and scheduling orders. It is not clear whether Farzan was asking about the date his designations of record were due, the date that his designations of record would be transmitted to the District Court and filed there, or something else. And the emails do not call into question the District Court's reasoning that Farzan did not monitor the dockets or follow up with the District Court.

Insofar as Farzan argues that the Bankruptcy Court erred in his underlying bankruptcy case, the merits of his appeals are not before us. We have considered Farzan's other arguments and conclude that they lack merit. Accordingly, we will affirm the judgments of the District Court.[5]

---

[5] Farzan's motion to expand the record to include the records from his related cases is denied.